UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA DAMOUNI,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTAGE, INC., et al.,<br><br>Defendants. | Civil Action No. 20-01065<br><br>Hon. Katharine S. Hayden, U.S.D.J.<br><br>Hon. Cathy L. Waldor, U.S.M.J. |

**WHEREAS OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

**THIS MATTER** comes before the Court upon Plaintiff Norma Damouni's ("Plaintiff") Motion to Amend the Complaint (ECF No. 93). Plaintiff seeks leave to include additional facts occurring after the filing of the initial complaint related to new denials of her loan modification application. (Plaintiff Brief at 1, ECF No. 93-23). The Court, having considered the papers and the arguments in support and in opposition of Plaintiff's motion (ECF Nos. 93-23, 95, and 96); and

**WHEREAS** Plaintiff filed the initial complaint on January 30, 2025, alleging that Plaintiff submitted complete loan modification applications in or around April 2018 and June 2019, and Defendants requested more information, ignored, or failed to acknowledge the status of Plaintiff's application, resulting in violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et. seq.*, and its regulations, 12 C.F.R. § 1024.41(b), as well as the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2. (*See generally*, Complaint, ECF No. 1). Almost one year after the initiation of this matter, the Undersigned ordered the parties to discuss settlement by way

of a new loan modification. (ECF No. 24). In light of the protracted process involved, and to give the parties sufficient time to complete the loan modification process, the Court administratively terminated this matter by Order dated October 11, 2023. (ECF No. 49). In February 2025, the Court learned that the loan modification process concluded without success and reinstated this Case by Order dated February 27, 2025. (ECF No. 79). Defendant CitiMortgage, Incorporated, filed a renewed Motion to Dismiss on March 14, 2025. (ECF No. 81).[1] On April 11, 2025, Plaintiff filed her first Motion to Amend the Complaint, (ECF No. 85), which this Court terminated on May 20, 2025, for failing to include a Rule 16 analysis, (ECF No. 92). On June 18, 2025, Plaintiff renewed her Motion to Amend. (ECF No. 93). Defendants opposed. (ECF Nos. 94 & 95). Plaintiff did not file a Reply Brief.

**WHEREAS** Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Under Rule 16(b)(4), a court's scheduling order may be modified with the judge's consent and for good cause. Fed. R. Civ. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). This standard must be met prior to the Court's consideration of whether the party may amend its complaint under Rule 15. *Id.*; and

**WHEREAS** for purposes of Rule 16, "[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Globespanvirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136 at *3 (D.N.J. July 11, 2005) (quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). Good cause may further be established "if the movant shows

---

[1] Defendant Cenlar F.S.B. filed an answer on December 12, 2020, (ECF No. 23), prior to this Court's administrative termination pending settlement.

2

that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Blue Gentian, LLC v. Tristar Prods., Inc.*, No. 13-1758, 2024 WL 4719560, at *5 (D.N.J. Nov. 8, 2024) (quoting *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012)). Courts generally consider "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Fermin*, 2012 WL 1393074, at *3. The good cause analysis thus "varies with the circumstances of each case." *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270470, at *2 (D.N.J. June 12, 2019) (quoting *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2107)); and

**WHEREAS** the Court is convinced there is good cause under Rule 16. As Plaintiff noted, the motion was initially filed on the April 11, 2025, pursuant to the Scheduling Order and the facts were not generally known to Plaintiff prior to that date because they were discovered as late as January 2025. (Plaintiff Brief at 8–9, ECF No. 93-23); and

**WHEREAS** under Rule 15(a)(2), a party may amend its pleadings with consent of the adversary or with leave of the Court. Fed. R. Civ. P. 15(a)(2). Courts shall "freely give leave to amend when justice so requires." *Id*. Deciding whether to grant leave to amend the complaint is a matter of the Court's discretion. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit liberally permits amendments to ensure "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); and

3

**WHEREAS** the Court may exercise its discretion under Rule 15 to deny leave to amend or supplement the complaint due to: (1) futility of the amendment; (2) a party's undue delay; (3) prejudice to the non-moving party; or (4) bad faith. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility of the amendment is demonstrated when the proposed amendments would be stricken under Rule 12(f). *Liberty Fish Co. v. Home Indemnity Co.*, No. 89-5201, 1990 WL 83341, *1 (E.D. Pa. June 18, 1990); and

**WHEREAS** the Court finds the proposed amendments futile as articulated by Defendant's opposition. (Defendant's Opposition at 5–9, ECF No. 94). Federal Rule of Evidence 408 provides that statements made during compromise negotiations are inadmissible to prove or disprove the validity of a disputed claim. Fed. R. Evid. 408. However, "statements made during settlement negotiations are admissible when offered for another purpose, such as to establish an independent violation unrelated to the underlying claim which was the subject of the correspondence." *Spence v. Foxx*, 159 F. Supp. 3d 483, 501 (D.N.J. 2014). And while the Federal Rules of Evidence do not speak to pleadings directly, Courts have found that allegations in a complaint may be stricken under Rule 12(f) if the allegations offend Rule 408. *See e.g., Yankelevitz v. Cornell Univ.*, No. 95-4593, 1997 WL 115651, at *4 (S.D.N.Y. Mar. 14, 1997) (if the amendment relates to settlement discussions, then it may be stricken under Rule 12(f) and is thus futile); *Philadelphia's Church of Our Savior v. Concord Twp.*, No. 03-1766, 2004 WL 1824356, at *2 (E.D. Pa. July 27, 2004) ("While Rule 408 does not apply to pleadings directly, repeated decisions from this Court have held that allegations in a complaint may be stricken, under Rule 12(f), as violative of these policies."); *Washington v. Pac. Summit Energy LLC*, No. 20-290, 2021 WL 229653, at *4 (S.D. Tex. Jan 21, 2023) ("Although Rule 408 patently applies to evidence, the rationale for the exclusion of evidence equally applies to excluding confidential settlement discussion from being

4

revealed in pleadings."). Here, the Court ordered the parties to work towards settlement and provide the Court with updates on Plaintiff's loan modification, culminating in a denial that reinstated this case to the Court's active calendar. (ECF Nos. 24–79). Plaintiff's proposed amendments refer to the settlement proceedings ordered by this Court to fortify Plaintiff's original RESPA and New Jersey Consumer Fraud Act claims. (*See* Amended Complaint ¶¶ 33–56, ECF No. 93-21). Because the proposed facts asserted do not demonstrate a violation of law unrelated to Plaintiff's initial claims, they would violate Rule 408 and would be stricken. *Spence*, 159 F. Supp. 3d at 501; and therefore,

**IT IS**, on this 24th day of July 2025, for the foregoing reasons,

**ORDERED** that Plaintiff's Motion to File an Amended Complaint is **DENIED**.

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor**
**United States Magistrate Judge**

cc:   Hon. Katharine S. Hayden, U.S.D.J.